UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-CR-0192 (PJS/DTS) |
| Plaintiff, | |
| v. | MEMORANDUM |
| TRAVIS RICHARD FAIRBANKS, | |
| Defendant. | |

---

Thomas M. Hollenhorst, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Andrew H. Mohring, GOETZ & ECKLAND P.A., for defendant.

On February 9, 2021, Travis Richard Fairbanks pleaded guilty to conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, an offense that carries a ten-year mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A).  At his sentencing hearing on December 13, 2021, Fairbanks argued that he was eligible for safety-valve relief from the mandatory-minimum sentence under 18 U.S.C. § 3553(f).  The Court rejected Fairbanks's argument.  This memorandum briefly explains why.

Section 3553(f) authorizes district courts to sentence defendants convicted of certain drug offenses below the mandatory-minimum sentences that would otherwise apply if certain criteria are met.  One of those criteria—found in § 3553(f)(1)—focuses on

the defendant's criminal history as determined under the United States Sentencing Guidelines. Prior to 2018, § 3553(f)(1) provided that a defendant was eligible for safety-valve relief if he did not have more than one criminal-history point (and, of course, if he met the other statutory criteria). In December 2018, Congress passed the First Step Act, which amended § 3553(f)(1) to provide that a defendant is eligible for safety-valve relief if:

>    (1)  the defendant does not have —
>
>       (A)  more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>
>       (B)  a prior 3-point offense, as determined under the sentencing guidelines; and
>
>       (C)  a prior 2-point violent offense, as determined under the sentencing guidelines . . .

Congress's intent seems clear. Roughly speaking, a defendant is eligible for safety-valve relief unless one of these things is true: (1) the defendant has an overall criminal history that is bad ("more than 4 criminal-history points"); (2) the defendant committed a serious prior offense—that is, a prior offense for which he received a sentence of imprisonment exceeding 13 months[1] ("a prior 3-point offense")—whether the offense was violent or not; and (3) the defendant committed a less-serious prior

---

[1] *See* U.S.S.G. § 4A1.1(a).

offense—that is, an offense for which he received a sentence of imprisonment of at least 60 days but not more than 13 months[2]—but the offense was violent ("a prior 2-point violent offense"). And this is the way that every federal court outside of the Ninth Circuit—including the Eleventh Circuit in *United States v. Garcon*, 997 F.3d 1301 (11th Cir. 2021)—has interpreted amended § 3553(f)(1): A defendant is entitled to safety-valve relief only if *all* of the things described in § 3553(f)(1) are true. Under this interpretation of § 3553(f)(1), Fairbanks is not entitled to safety-valve relief, as he has more than 4 criminal-history points and as he has a prior 3-point offense.

In *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021), however, the Ninth Circuit interpreted amended § 3553(f)(1) as providing that a defendant is entitled to safety-valve relief so long as *one* of the things described in § 3553(f)(1) is true. So, for example, a defendant who had 50 criminal-history points and numerous 3-point offenses would be eligible for safety-valve relief as long as he "does not have . . . a prior 2-point violent offense." § 3553(f)(1)(C). Under this interpretation of § 3553(f)(1), Fairbanks is entitled to safety-valve relief—despite having 9 criminal-history points and a prior 3-point conviction for distributing methamphetamine—because he does not have a 2-point violent offense.

---

[2]*See* U.S.S.G. § 4A1.1(b).

Both the Eleventh Circuit in *Garcon* and the Ninth Circuit in *Lopez* devoted significant attention to dissecting the text of amended § 3553(f)(1) and discussing various canons of statutory construction. This Court will not repeat those discussions. Suffice it to say that this Court agrees with the Eleventh Circuit, primarily for three reasons:

First, the Ninth Circuit's interpretation violates the canon against surplusage, as *Garcon* and Judge Smith's concurrence in *Lopez* explain. According to the Ninth Circuit, a defendant is entitled to safety-valve relief unless all three of these things are true: he has more than 4 criminal-history points (§ 3553(f)(1)(A)), *and* he has a 3-point offense (§ 3553(f)(1)(B)), *and* he has a 2-point violent offense (§ 3553(f)(1)(C)). But if a defendant has a 3-point offense and a 2-point violent offense, then he *necessarily* has more than

4 criminal-history points, rendering § 3553(f)(1)(A) superfluous.³ By contrast, the Eleventh Circuit's interpretation of § 3553(f)(1) gives effect to each of its parts.

Second, *Lopez*'s interpretation leads to absurd results. If the Ninth Circuit's interpretation of amended § 3553(f)(1) is correct, Congress abolished the mandatory minimums for most of those convicted of serious drug offenses, save for a small and oddly defined subset of offenders who have at least 4 criminal-history points, at least one 3-point offense, and at least one 2-point violent offense. So, for example, a

---

³*See Garcon*, 997 F.3d at 1305 ("[I]f the 'and' is read conjunctively so that a defendant must have all three requirements before he is disqualified from the safety valve, then subsection (A) would be superfluous. If we read the 'and' conjunctively, there would be no need for the requirement in (A) that a defendant must have more than four criminal history points total because, if he had (B)'s required three-point offense and (C)'s required two-point violent offense, he would automatically have more than four criminal history points.").

The majority in *Lopez* argued that its interpretation of § 3553(f)(1) would not create surplusage because subsection (A) would have an impact in the case of "a defendant who has only one three-point violent offense under the Sentencing Guidelines; that defendant would have (B) a 'prior 3-point offense' and (C) a 'prior 2-point violent offense' but would have only three criminal-history points, not (A) 'more than 4 criminal history points.'" *Lopez*, 998 F.3d at 440. "Put another way, a three-point violent offense can simultaneously satisfy two subsections, (B) and (C), while not satisfying subsection (A)." *Id.*

But as Judge Smith pointed out in his partial concurrence, "[i]n interpreting 'a prior 2-point violent offense' to mean 'a prior violent offense of *at least* 2 points,' the majority rewrites the plain language of the statute. Congress meant what it said. Two points is two points. Two points is not three points." *Lopez*, 998 F.3d at 445 (Smith, J., concurring in part, dissenting in part, and concurring in the judgment) (emphasis added).

-5-

defendant who had ten prior 3-point drug-trafficking convictions—and thus a total of 30 criminal-history points earned through drug trafficking—would be eligible for safety-valve relief from a mandatory minimum that Congress created for the purpose of deterring and punishing serious drug offenses.  But a defendant who had a total of 5 criminal-history points on account of a 3-point burglary conviction and a 2-point domestic assault conviction would *not* be eligible for safety-valve relief.  That makes no sense.

Finally, if the Ninth Circuit is correct, then the First Step Act wiped away most mandatory sentences for serious drug offenses.  It is inconceivable that, if Congress had truly intended such a monumental change in the law, the legislative history of the First Step Act would not contain a single clear reference to the meaning of the statute, much less a single clear reference to the fact that Congress had taken the historic step of ending the use of mandatory minimums in most serious drug cases.  *See Lopez*, 998 F.3d at 442–43.  And if Congress had truly intended such a monumental change in the law, then presumably the media would have widely reported that mandatory sentences in drug cases had been abolished save for a small group of unfortunates.  The media reported no such thing because no such thing happened.

In sum, the Eleventh Circuit's interpretation of § 3553(f)(1) does not create surplusage or absurd results.[4] Moreover, under the Eleventh Circuit's interpretation, every single person who was eligible for safety-valve relief under the old version of the statute remains eligible for safety-valve relief under the amended version of the statute, and safety-valve relief extends to numerous defendants who were not previously eligible. By contrast, the Ninth Circuit's interpretation of the amended statute renders § 3553(f)(1)(A) superfluous and produces absurd results. And, aside from the district courts in the Ninth Circuit that are bound by *Lopez*, every other court to consider the question has agreed with the result reached by the Eleventh Circuit. *See United States v.*

---

[4]The Ninth Circuit argued that the Eleventh Circuit's interpretation of § 3553(f)(1) would be absurd because under that interpretation the particular defendant in *Lopez* "would lose the possibility of safety-valve relief only because he spray-painted a sign onto a building almost fourteen years ago." *Lopez*, at 998 F.3d at 439. The Ninth Circuit was referring to the fact that the defendant had an old conviction for vandalism that was (correctly) assigned three points under the Sentencing Guidelines. The conviction was assigned three points because, although the defendant "initially received a 91-day sentence and thirty-six months probation, . . . his probation was revoked in 2008 after he was convicted of grand theft and sentenced to sixteen months in custody." *United States v. Lopez*, No. 19-CR-0261-L, 2019 WL 3974124, at *2 (S.D. Cal. Aug. 21, 2019), *aff'd*, 998 F.3d 431 (9th Cir. 2021).

What the Ninth Circuit labels as "absurd" is not, in fact, a textual absurdity, but simply a result that conflicts with the policy views of the judges who sat on the *Lopez* panel. The fact that a law has harsh consequences may make it unwise, but does not make it absurd. Moreover, *Lopez* fails to mention that, under the *prior* version of § 3553(f)(1), the defendant in *Lopez* would *also* have been foreclosed by his vandalism conviction and subsequent probation violation from receiving safety-valve relief. Yet neither the Ninth Circuit nor any other court held that the *prior* version of § 3553(f)(1) was absurd.

*Huller*, No. 18-CR-0280(01) (MJD), 2021 WL 4173817 (D. Minn. Sept. 14, 2021); *United States v. Wells*, No. 20-CR-30063, 2021 WL 2912474 (C.D. Ill. July 12, 2021); *United States v. Howell*, No. 20-cr-30075-1, 2021 WL 2000245 (C.D. Ill. May 19, 2021); *United States v. Ingram*, No. 18-20047, 2021 WL 1813178 (C.D. Ill. May 6, 2021); *United States v. Adame*, No. 1:18-CR-00391-BLW, 2019 WL 5191823 (D. Idaho Oct. 15, 2019).[5]

Because Fairbanks has more than 4 criminal-history points and a prior 3-point offense, the Court holds that he is not eligible for safety-valve relief under § 3553(f).

Dated:  December 14, 2021                              s/Patrick J. Schiltz
                                                                            Patrick J. Schiltz
                                                                            United States District Judge

---

[5] The district court that was reversed by the Eleventh Circuit in *Garcon* had interpreted the text of amended § 3553(f)(1) in the same manner as the Ninth Circuit, but, unlike the Ninth Circuit, also had "conceded that its reading would lead to an absurd result that Congress could not have intended." *Garcon*, 997 F.3d at 1304.